Per curiam.

(Bay, Johnson. Tkrzbvant; and Brevard, Jusces, absent.5 Grimkb. J. and Wa’ii s, J.)
A new trial, we think, ought to be granted in this case, on (he ground that the verdict is contrary to evidence. We agree in p.inciple with plaintiff’s counsel, that the purchaser, in such cases as this, is bound to examine thoroughly, and judge for himself; and, that it would be attended with great inconvenience, and might prove greatly prejudicial to planters, to allow evidence to shew, that anieles of country produce sold and delivered here, such as rice, which is capable of an easy examination, and which might be fully examined, and its quality and condition conclusively settled here, has been found, in Some foreign, and distant market, to bo of a different quality, or imperfect and defective, and not such as it was represented to be when sold here. It might open a aide d ;or to frau i and imposition, In such contracts as this, we are of opinion, there is no implied warranty ; where the buyer depends upon his own judgment, and buys upon an actual examination, isecus, where rice is bought by *271 sample, and tfie buyer does not undertake to examine, and judge for himself, but relies on the sample ; although he may examine if will. In ,-ucli case there is an express warranty.
Pringle, for defendant. Be Saijssure, for plaintiffs.
New trial grained.
Note. — See Co. Litt. 102 a. Cro Jac 197, Doug. 20. Aleyn 91. 2 East 498, in notis. F N. B. 94. The eyes and taste of the purchaser ought to be his judges. Without warranty by the seller, or fraud On his part, the buyer must stand to all tosses, arising from latent defects. There is no instance in the English law of a contrary rule The civil taw." and the laws of those countries which have adopted the civil as their common law, are more strict towards the seller, and make him responsible in every case for a latent delect Dig. lib. 1, tit. 2, c. ¡3.11.1. The reasoning of the civilia s appears unswerable, yet Fonbl. (1 vol. 380.) h is well and ele .antly vindicated the rule of common law, and happi'y reconciled the claims of conscience with the dudes of good faith. See Seixas and Seixas v. Woods, 2 Caine’s N. Y. T. R. 48 There is an implied warranty of tifie in every sale of a personal chattel; aliter, as to quality and soundness. I Johns 274. ( the vendee, after warranty, examines for himself, he thereby discharg .s the vendor from such warranty : 2 Ld. Raym. 1118: a fortiori when he examines, and there is no warranty.